```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LUIS A. ANGAMARCA,                                                 :
                                                                   :
                          Plaintiff,                               :
                                                                   :
        -against-                                                  :   18 Civ. 1334 (RA)(HBP)
                                                                   :
HUD-MOE LLC d/b/a HUDSON MALONE and                                :
DOUGLAS QUINN,                                                     :
                                                                   :
                          Defendants.                              :
------------------------------------------------------------------X
```

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into by and between Luis Angamarca ("Plaintiff"), on one side, and Hud-Moe LLC d/b/a Hudson Malone ("Hudson Malone") and Douglas Quinn on the other (collectively, "Defendants"). Plaintiff and Defendants are collectively referred to in this Agreement as the "Parties."

**WHEREAS**, on February 14, 2018, Plaintiff, through his counsel, Pechman Law Group PLLC, commenced an action against Defendants by filing a complaint (the "Complaint") in the United States District Court, Southern District of New York (the "Court"), Docket No. 1:18–cv–01334 (the "Action"), alleging, *inter alia*, that he worked for Defendants as a cook; that he regularly worked over forty hours per workweek; that Defendants paid him on a salary basis, thereby failing to pay him overtime wages throughout his employment; that he was not paid spread-of-hours pay when his daily shifts were longer than ten hours; and that he was not provided with wage statements with each payment of wages or with a wage notice upon hiring;

**WHEREAS**, Plaintiff claims that, upon the facts alleged in the Complaint, he is entitled to recover from Defendants unpaid overtime wages, spread-of-hours pay, statutory damages, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs (collectively, the "Claims") pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law ("NYLL"), and the New York Wage Theft Prevention Act ("WTPA");

**WHEREAS**, Defendants deny all material allegations asserted by Plaintiff in his Complaint, deny that Plaintiff is entitled to recover damages for any Claim asserted in the Complaint, and have denied and continue to deny that they have violated any law, rule, or regulation, or committed any wrong whatsoever against Plaintiff, and argue that they paid Plaintiff all wages due because Plaintiff was an exempt manager;

**WHEREAS,** the Parties have exchanged information related to the Claims in this Action, such as payroll, tax, and time records, such that they have adequate information to assess the appropriateness of this Agreement;

**WHEREAS,** the Parties, with counsel, attended a nine-hour-long court-ordered mediation before Majorie Berman, an experienced mediator, at the Court, on June 20, 2018, which ended with a settlement proposal from the mediator for the Settlement Amount (as defined below), subject to the tax terms set forth in this Agreement;

**WHEREAS**, on June 20, 2018, the Parties accepted the mediator's settlement proposal; and

**WHEREAS** the Parties desire to resolve and settle the Action and the Claims in an amicable manner without the expense of further litigation;

**NOW, THEREFORE,** with the intent to be legally bound hereby, and in consideration of the mutual covenants and promises contained in this Agreement and for other good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows, subject to Court approval pursuant to applicable provisions of federal, state, and/or local law:

**1.    Settlement Amount and Other Consideration**

a.    <u>Settlement Amount</u>.  In full and final settlement of the Action, and in consideration for the release contained in Paragraph 2 of this Agreement, Defendants, jointly and severally, shall make a total gross payment of Fifty-One Thousand Five Hundred Dollars and Zero Cents ($51,500.00) (the "Settlement Amount"), by the later of (i) September 30, 2018, or (ii) within fourteen (14) calendar days after the Court's full and final approval of the Parties' Settlement.

b.    <u>Payments to Plaintiff</u>.  Defendants shall pay Plaintiff the gross sum of Thirty-Three Thousand Five Hundred Sixty-Six Dollars and Sixty-Seven Cents ($33,566.67) in two checks made payable to "Luis Angamarca."  The first check to Plaintiff shall be for the gross sum of Sixteen Thousand Seven Hundred Eighty-Three Dollars and Thirty-Three Cents ($16,783.33), less applicable tax withholdings and deductions under IRS Tax Form W-4 as forth in Section 1(d) below, to be reported on a Form W-2 at year-end.  The second check to Plaintiff shall be for the sum of Sixteen Thousand Seven Hundred Eighty-Three Dollars and Thirty-Four Cents ($16,783.34), not subject to any tax withholdings or deductions under IRS Tax Form W-9 as set forth in Section 1(d) below, to be reported on a Form 1099, Box 3 at year-end.

c.    <u>Payments to Plaintiff's Counsel</u>.  Defendants shall pay Plaintiff's counsel Seventeen Thousand Four Hundred Thirty-Three Dollars and Thirty-Three Cents ($17,433.33) by check payable to "Pechman Law Group PLLC," which shall represent Plaintiff's disputed claims for attorneys' fees and costs, without withholdings or deductions under IRS Tax Form W-9.

d.    <u>Taxes</u>.  For purposes of tax withholding, as set forth in Section 1(b) above, 50% of the payment to Plaintiff shall be deemed wage income subject to IRS Tax Form W-4 and 50% of the payment to Plaintiff shall be deemed non-wage income in the form of alleged liquidated damages and interests subject to IRS Tax Form W-9.  Defendants shall deduct all appropriate and necessary taxes from the aforementioned wage payments and shall pay, separately from the Settlement Payment, the applicable

employer's portion of the taxes due. Plaintiff shall be responsible for his share of all taxes, interest, or penalties, if any, due as a result of payments made to him under this Agreement. Defendants shall provide Plaintiff with all appropriate tax withholding statements, such as W-2 and 1099 tax forms, as required by law.

  e. <u>Delivery of Checks</u>. All checks specified above shall be delivered to PLG at the address specified in Paragraph 12 below.

  f. <u>Default</u>. If Defendants fail to make timely the payment set forth above, or if any payment check fails to clear (*i.e.*, bounces) for any reason, Plaintiff's attorneys shall provide a notice to cure to the Defendants' counsel by e-mail or facsimile consistent with Paragraph 12 below. Defendants shall cure the default within seven (7) calendar days from and including the date on which the notice was received (the "Cure Period") by remitting to PLG all unpaid balances plus, if applicable, any bank fees incurred by Plaintiff and/or PLG as a result of bounced checks. Defendants agree that if they fail to cure the default within the Cure Period, all outstanding and unpaid payments under this Agreement, including any bank fees for bounced checks, shall become due immediately at the end of the Cure Period and Plaintiff shall also be entitled to recover reasonable attorneys' fees and costs incurred in any action to enforce the terms of the Agreement.

2. **Release of Wage and Hour Claims by Plaintiff**

  In consideration of the promises and actions of Defendants set out in this Agreement, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, except for Defendants' obligations under this Agreement, Plaintiff hereby waives, releases, satisfies, and discharges—on his own behalf and on behalf of anyone who could claim by and through him, including his heirs, executors, administrators, former and present representatives, successors and assigns—Hud-Moe LLC d/b/a Hudson Malone and Douglas Quinn, and their past and future owners, partners, employees, principals, subsidiaries, divisions, parent companies, related entities, affiliates, predecessors, successors, officers, directors, shareholders, members, agents, attorneys, insurers, representatives, successors, and assigns, of and from any and all claims for damages, salaries, wages, compensation, spread-of-hours pay, statutory damages, unlawful deductions, overtime compensation, minimum wages, unpaid wages, monetary relief, and any other benefits of any kind, earnings, back pay, liquidated, statutory, and other damages, interest, attorneys' fees, and costs, for the Claims and any other claim brought, or that could have been brought, relating to or arising from Plaintiff's work performed for Defendants, Plaintiff's employment by Defendants, Plaintiff's separation of employment with Defendants and/or the facts that gave rise to the Action, under the FLSA, the NYLL, the WTPA, and/or any local, state, or federal wage statute, code, or ordinance including, but not limited to, the New York State Hospitality Wage Order, 12 N.Y.C.R.R. Part 146. Nothing contained in this release shall operate to prevent Plaintiff from providing truthful information to a governmental agency. However, Plaintiff shall neither seek nor be entitled to recovery of any additional damages, monetary or otherwise, as a result of any charges or proceedings against any Defendant for any claims that are the subject matters of the waivers and releases set forth herein. Furthermore, this Agreement shall be deemed a full accord, satisfaction, and settlement of the claims

settled, released, and waived herein, and shall constitute a sufficient basis for immediate dismissal of such claims by Plaintiff against Defendants except to the extent that Plaintiff seeks enforcement of the terms of this Agreement.

3. **Approval, Retention of Jurisdiction, and Dismissal**

   a. <u>Approval of Settlement Agreement</u>. The Parties, through counsel, shall present a fully executed copy of this Agreement, with an unexecuted copy of the proposed Stipulation and Order of Dismissal with Prejudice (the "Order") annexed as Exhibit A, to the Court for review and approval. The Parties shall cooperate and take all necessary steps to arrange for the Court's approval of the Agreement.

   b. <u>Retention of Jurisdiction</u>. The Parties shall jointly request the Court to retain jurisdiction over the Action until after PLG files the fully executed Order.

   c. <u>Dismissal with Prejudice</u>. PLG shall file a fully executed copy of the Order, thereby requesting the Court to dismiss the Action with prejudice, within five (5) business days after PLG and Plaintiff deposit the Settlement Payment checks described in Section 1 and they clear.

4. **Non-Admission of Liability**

   The Parties recognize and agree that Defendants, as a part of this Agreement, do not admit any violation of law or any liability to Plaintiff or to anyone else as a result of or arising out of the matters set forth in the Complaint in the Action or that could have been raised in the Action, Plaintiff's employment relationship with Defendants, Plaintiff's separation of employment with Defendants, and/or otherwise.

5. **Attorneys' Fees and Costs**

   The Parties agree that, except as otherwise specifically set forth in this Agreement, each Party shall bear its own costs and attorneys' fees incurred in negotiating and preparing this Agreement and in connection with the Action.

6. **Applicable Law; Forum Selection**

   This Agreement shall be governed by and construed in accordance with the laws of the State of New York without reference to its conflicts or choice of laws principles. The Parties consent to the jurisdiction of the Court (*i.e.*, the United States District Court, Southern District of New York) for any litigation concerning or arising out of the terms of this Agreement or the Parties' performance of its terms. The Parties agree to request that the Court retain jurisdiction of the Action for the sole purpose of enforcing the terms of this Agreement. If the Court lacks or declines to exercise jurisdiction over any such litigation, the Parties consent to the jurisdiction of the courts of the State of New York in New York County.

7. **Execution in Counterparts; Facsimile Signatures; Force and Effect**

   This Agreement may be executed using facsimile signatures, and in counterparts, with the same effect as if the signatures were original and made on the same

instrument. A copy of a Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement. Facsimile or electronic copies of this Agreement shall be deemed for all purposes to have the same force and effect as the original hereof.

8. **Plaintiff's Representations**

Plaintiff represents and warrants that he has entered into this Agreement of his own free will and accord, not subject to coercion or undue influence. Plaintiff further warrants that he is satisfied with the legal representation and services received from his attorneys, PLG, and believes that the Settlement Amount and the Allocations, as set forth above, represent a fair and reasonable compromise of the disputes in the Action.

Other than the Action, which Plaintiff has agreed to dismiss, Plaintiff represents that he has not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind against any of the Defendants, that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for the Parties to enter into this Agreement.

9. **Entire Agreement**

Each Party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other Party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties. There is no other agreement or understanding, written or oral, expressed or implied, among the Parties concerning the subject matter set forth in this Agreement.

10. **Non-Waiver/No Modification**

This Agreement cannot be modified or changed except by a writing signed by the Parties with specific reference to this Agreement. No delay or omission by any Party in exercising any right(s) under this Agreement shall operate as a waiver of that or any other right. A waiver or consent given by a Party on one occasion shall be effective only in that instance and shall not be construed as a bar or waiver of any right on any other occasion. No provision of this Agreement may be waived except by a written instrument signed by the Party who is claimed to have waived a provision.

11. **Interpretation**

a. <u>Severability</u>. In the event that any provision of this Agreement is held by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining provisions shall not be affected; and, the illegal or invalid provisions shall be reformed to the fullest extent possible to be consistent with the other terms of this Agreement; and, if such provisions cannot be so reformed, they shall not be deemed to be a part of this Agreement.

      b.    <u>Captions and Headings</u>.  The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

**12.**    **Notices**

Any provision of this Agreement that calls for notice to be sent to Plaintiff or Defendants shall be sent via email, facsimile, messenger, overnight mail, or first-class mail, and shall be directed as follows, or to any other address designated in writing:

| If to Plaintiff: | If to Defendants: |
|---|---|
| Louis Pechman, Esq.<br>Gianfranco Cuadra, Esq.<br>Jaime Sanchez, Esq.<br>Pechman Law Group, PLLC<br>488 Madison Avenue, 17th Floor<br>New York, NY 10022<br>Fax: (212) 409–8763<br>pechman@pechmanlaw.com<br>cuadra@pechmanlaw.com<br>sanchez@pechmanlaw.com | Michael K. Dvorkin, Esq<br>Litchfield Cavo LLP<br>420 Lexington Avenue, Suite 2104<br>New York, NY 10170<br>Fax: (212) 434–0105<br>dvorkin@litchfieldcavo.com |

All notices, requests, consents, and other communications hereunder shall be deemed to have been received either (i) if by hand, at the time of the delivery thereof to the receiving Party at the address of such Party's counsel set forth above, (ii) if made by facsimile transmission and/or email, at the time it was sent, (iii) if sent by overnight courier, on the next business day following the day such notice is delivered to the courier service, or (iv) if sent by first class, registered or certified mail, on the 5th business day following the day such mailing is made.  No other methods of delivery are valid other than those expressly set forth above.

13.    **Plaintiff understands, represents, and agrees that he:**

    a.    **has carefully reviewed all terms of this Agreement in Spanish, his native language, with Gianfranco J. Cuadra and/or Jaime Sanchez, two of his attorneys in this Action who are fluent in Spanish;**

    b.    **is, through this Agreement, releasing Defendants from any and all wage-and-hour claims, including the Claims, that Plaintiff may have against them relating to his employment with Defendants or his separation from employment with them;**

    c.    **knowingly and voluntarily agrees to all of the terms set forth in this Agreement;**

    d.    **knowingly and voluntarily intends to be legally bound by this Agreement;**

  e. was advised to consider the terms of this Agreement with counsel, and has consulted with counsel prior to executing this Agreement; and

  f. is duly authorized and has full authority to execute this Agreement.

**Plaintiff**             **Defendants**

                 HUD-MOE, LLC d/b/a Hudson Malone

_____     By:_____
Luis A. Angamarca

                 Title:_____

Dated: 7-27-18           Dated:_____


                 _____
                 Douglas Quinn

                 Dated:_____

e. was advised to consider the terms of this Agreement with counsel, and has consulted with counsel prior to executing this Agreement; and

f. is duly authorized and has full authority to execute this Agreement.

Plaintiff

_/s/ Luis Angamarca_
Luis A. Angamarca

Dated: 7-27-18

Defendants

HUD-MOE, LLC d/b/a Hudson Malone

By: _Doug Quinn_

Title: CEO

Dated: 8/6/2018

_/s/ Douglas Quinn_
Douglas Quinn

Dated: 8/6/2018

# EXHIBIT A

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
LUIS A. ANGAMARCA,                                                 :
                                                                   :
                              Plaintiff,                           :
                                                                   :
         -against-                                                 :    18 Civ. 01334 (RA)(HBP)
                                                                   :
HUD-MOE LLC d/b/a HUDSON MALONE and                                :
DOUGLAS QUINN,                                                     :
                                                                   :
                              Defendants.                          :
-------------------------------------------------------------------X
```

### STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

**WHEREAS,** on February 14, 2018, Plaintiff filed a Complaint, which asserts claims for, *inter alia*, failure to pay overtime wages, spread-of-hours pay, and statutory damages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and/or the New York Labor Law;

**WHEREAS,** the parties reached a settlement of this action and Plaintiff's claims through arms-length negotiations at a Court-ordered mediation with an experienced arbitrator held on June 20, 2018, and have entered into a Settlement Agreement and Release (the "Agreement"), formally memorializing the parties' settlement;

**WHEREAS,** the terms of the Agreement, which are incorporated herein by reference, have been reviewed and scrutinized by the Court and are approved and considered a fair and reasonable resolution of, *inter alia*, a bona fide dispute over a provision or provisions of the FLSA, the New York Labor Law, and/or time worked; and

**WHEREAS,** this Court shall retain jurisdiction to enforce the terms of the Agreement;

**IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned counsel for the Parties, that this action be hereby dismissed and discontinued in its entirety, with prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.  A copy of the signatures on this Stipulation serves the same purposes as an original signature.

Dated:  New York, New York
               _____, 2018

| | |
|---|---|
| **PECHMAN LAW GROUP PLLC** <br> *Attorneys for Plaintiff* | **LITCHFIELD CAVO LLP** <br> *Attorneys for Defendants* |
| By:_____ <br>     Gianfranco J. Cuadra, Esq. <br>     Louis Pechman, Esq. <br>     Jaime Sanchez, Esq. <br>     488 Madison Avenue, 17th Floor <br>     New York, NY 10022 <br>     Tel.: (212) 583–9500 | By:_____ <br>     Michael Dvorkin, Esq. <br>     420 Lexington Ave., Suite 2104 <br>     New York, NY 10170 <br>     Tel.: (212) 434–0100 |

SO ORDERED.


_____

Ronnie Abrams, U.S. District Judge