UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 12/17/2018
```

LUIS A. ANGAMARCA,

                Plaintiff,

v.

HUD-MOE LLC, d/b/a HUDSON MALONE, and DOUGLAS QUINN,

                Defendants.

No. 18-CV-1334 (RA)

MEMORANDUM OPINION AND ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff Luis A. Angamarca brought this action against Defendants Hud-Moe LLC, a restaurant doing business as Hudson Malone, and its owner, Douglas Quinn, for alleged violations of the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), and the Wage Theft Prevention Act ("WTPA"). Now before the Court is an application for approval of the parties' settlement agreement and a supporting declaration of Louis Pechman filed on December 4, 2018. For the reasons that follow, the Court approves the settlement.

Under the proposed settlement agreement, Defendants agree to pay a total of $51,500.00 (the "Settlement Amount") which consists of a $33,566.67 payment to Plaintiff in two installments and a $17,433.33 payment to Plaintiffs' attorneys. *See* Settlement Agreement and Release ¶ 1. Plaintiff estimates that his "highest possible damages . . . are approximately $134,000." Fairness Letter at 3. Thus, the settlement amount here, exclusive of attorneys' fees and costs—$33,566.67—represents approximately 25% of Plaintiff's total conceivable recovery of $134,000. This amount is fair and reasonable both as a percentage and "in light of the legal and evidentiary challenges that would face the plaintiff[] in the absence of a settlement." *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 342 (S.D.N.Y. 2016); *see also Beckert v. Ronirubinov*, No. 15 Civ.

1951 (PAE), 2015 WL 8773460, at *2 (S.D.N.Y. Dec. 14, 2015) (approving a settlement of approximately 25 percent of the maximum possible recovery). The Court thus approves the parties' proposed settlement amount of $33,566.67.

Plaintiff's release of claims is also reasonable. "In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Here, Plaintiff's releases are all tied to wage-and-hour claims: he releases "all claims . . . relating to or arising from Plaintiff's work performed for Defendants, Plaintiff's employment by Defendants, Plaintiff's separation of employment with Defendants and/or the facts that gave rise to the Action, *under the FLSA, the NYLL, the WTPA, and/or any local, state, or federal wage statute* . . . ." Settlement Agreement and Release ¶ 2 (emphasis added). This release is sufficiently narrow to survive judicial scrutiny, especially given that it appears to have been the "fair result of a balanced negotiation, in which Plaintiff[] w[as] represented by able counsel." *See Candido v. Prosperty 89 Corp.*, No. 17-CV-3310(RA), 2018 WL 4778918, at *2 (S.D.N.Y. Oct. 3, 2018) (noting that there is "nothing inherently unfair about a release of claims in an FLSA settlement" in such situations).

Finally, the Court approves the requested award of attorneys' fees and costs. Under the agreement, Plaintiff is to receive $400 in costs, which is reasonable. *See Run Guo Zhang v. Lin Kumo Japanese Rest. Inc.*, No. 13-CV-6667 (PAE), 2015 WL 5122530, at *1 (S.D.N.Y. Aug. 31, 2015). The Court must also "independently ascertain the reasonableness of the fee request." *Gurung*, 226 F. Supp. 3d at 229–30. A contingency fee award is presumptively valid where "the proposed fee amount is exactly one-third of the net settlement amount, which is an amount

2

routinely approved under the percentage method" in this District. *Yunjian Lin v. Grand Sichuan 74 St Inc.*, No. 15-CV-2950(RA), 2018 WL 3222519, at *5 (S.D.N.Y. July 2, 2018). Here, Plaintiff's counsel is to receive $17,033.33 which is exactly one-third of the settlement amount after costs are deducted. *See Zhang*, 2015 WL 5122530, at *1 & n.1 ("The Court's view is that attorneys' fees, when awarded on a percentage basis, are to be awarded based on the settlement net of costs."). This amount is also less than the lodestar amount which refers to "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Hernandez v. JRPAC Inc.*, No. 14-CV-4176 (PAE), 2017 WL 66325, at *2 (S.D.N.Y. Jan. 6, 2017). Here, that amount is $22,930 according to the detailed billing records submitted by Plaintiffs' counsel. *See* Pechman Decl. Ex. A (Dkt. 23-1). When the lodestar calculation is greater than the attorneys' fee award, the Court "[o]rdinarily" will approve the fee, at least so long as the percentage of the award is reasonable, as it is here. *See, e.g., Run Guo Zhang*, 2015 WL 5122530, at *4. The Court thus approves of the proposed attorneys' fees.

## CONCLUSION

For the reasons stated above, the Court approves the parties' settlement agreement. The Court dismisses the Complaint with prejudice in accordance with the settlement agreement. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: December 17, 2018
New York, New York

Ronnie Abrams
United States District Judge

3